UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON CONSTRUCTION, INC., a Washington corporation, <br><br> Defendant. | Case No. 09-cv-0367-JPD <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

The parties have consented to this matter proceeding before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

This matter comes before the Court on Plaintiffs' motion for summary judgment. Dkt. No. 9. Plaintiffs seek to recover contributions, dues, liquidated damages, interest, attorneys' fees, and costs associated with Defendant's failure to make payment of employee benefit contributions to the Plaintiff Trust Funds for the time period of July 2008 and September 2008 through January 2009. Dkt. Nos. 9, 10. Defendant was required to pay monthly contributions

to the Plaintiff Trust Funds under its collective bargaining agreements with Union Locals 302 and 612. Article II, section 9 of the collective bargaining agreements provides for the payment of liquidated damages, interest, attorney fees, and court costs if Defendant becomes delinquent in its monthly employee benefit contributions. Dkt. No. 11, Exh. A.

Defendant does not contest the "principal amount" owed to Plaintiffs, but asks that any judgment entered against it not include liquidated damages because its failure to pay the employee benefit contributions was not "willful." Dkt. No. 13. Defendant explains that it "has been deprived of the means to pay Plaintiffs" due to the failure of a third party to pay Defendant over $1 million for construction work performed on a project near Gig Harbor. *Id.* Defendant asserts that the third party has not paid Defendant because of another dispute related to a separate construction project. *Id.*

While the Court is sympathetic to Defendant's apparent plight, even if Defendant's failure to pay employee benefit contributions could be construed as not being "willful," the collective bargaining agreements make no distinction between willful and non-willful failures to pay employee benefit contributions. *See* Dkt. No. 11, Exh. A. Moreover, the collective bargaining agreements do not make provisions for Defendant's relative ability or inability to pay employee benefit contributions. *Id.* By the plain language of the collective bargaining agreements, Defendant is obligated to regularly pay employee benefit contributions, and must also pay liquidated damages upon a failure to pay said contributions, regardless of Defendant's particular financial situation or that of its business partners.

Accordingly, the Court ORDERS as follows:

(1) Plaintiffs' motion for summary judgment, Dkt. No. 9, is GRANTED.

(2) Judgment is awarded in favor of the Plaintiff Trust Funds and against Defendant Washington Construction, Inc. in the following amounts: $80,930.22 for delinquent employee benefit contributions; $5,991.59 for dues; $10,093.51 for liquidated damages; $6,598.15 for

1 interest; $1,584.00 for attorneys' fees; and $397.64 for costs. These amounts are due and
2 owing for the July 2008 and September 2008 through January 2009 employment periods.

(3) The Clerk is directed to send copies of this Order to counsel for all parties.

DATED this 6th day of August, 2009.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE - 3